UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Nina Williams,
on behalf of minor child, Y.M.,

    Plaintiff,

  v.                                              Case No. 1:15cv453

Commissioner of Social Security                 Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court upon the Magistrate Judge's August 4, 2016 Report and Recommendation ("R&R") which recommends that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court.  (Doc. 17).

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c).  Plaintiff filed objections to the Magistrate Judge's R&R.  (Doc. 18). The Commissioner filed a Response to the Objections.  (Doc. 19).

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here.

Plaintiff objects to the Magistrate Judge's conclusion that the ALJ properly discussed the record evidence and the weight given to it; and was not required to discuss every sentence of the findings of Dr. Nelson, who was a consultative examiner. Plaintiff explains that the ALJ's discussion of Dr. Nelson's examination and opinion consisted of one sentence. Plaintiff argues that the ALJ could not selectively ignore the limitations found by Dr. Nelson, which were inconsistent with the limitations found by another consultative examiner, Dr. McKinney.

The Social Security regulations only require ALJs to give "good reasons" for the weight given to treating sources. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007). As the Magistrate Judge explained, in a case where the ALJ failed to discuss the opinion of an examining physician, the Sixth Circuit observed:

> While it might be ideal for an ALJ to articulate his reasons for crediting or discrediting each medical opinion, it is well settled that:
>
>> [a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts.
>
> *Loral Defense Systems–Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir.1999) (citations and internal quotation marks omitted).

*Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507-508 (6th Cir. 2006). Therefore, the Court concludes that the ALJ did not err in failing to articulate reasons for crediting or discrediting the specific opinions of Dr. Nelson.

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's August 4, 2016 R&R. (Doc. 17). Accordingly, the decision of the Commissioner is **AFFIRMED**. This matter shall be **CLOSED and TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                                                 */s/ Michael R. Barrett*
                                                 Michael R. Barrett, Judge
                                                 United States District Court